IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:06-CR-184-D
No. 5:16-CV-291-D

| | |
|---|---|
| WILLIAM JEFF ALMOND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On June 28, 2011, pursuant to 18 U.S.C. § 3582(c), the court reduced William Jeff Almond's ("Almond") sentence on count two to 300 months' imprisonment. See [D.E. 85]. On April 5, 2017, the court granted Almond's motion under 28 U.S.C. § 2255 to correct his sentence on count one. See [D.E. 132]. Almond is no longer an armed career criminal, and the court corrected Almond's sentence on count one to 120 months' imprisonment and three years of supervised relief. See id. On April 5, 2017, the court did not mean to alter Almond's sentence on count two, but mistakenly cited Almond's original 324-months' imprisonment sentence on count two instead of Almond's reduced sentence of 300 months' imprisonment. See id.

On April 11, 2017, Almond moved for relief from judgment and asked the court to correct his sentence on count two to 300 months' imprisonment and to have a resentencing hearing on counts one and two and to apply the Fair Sentencing Act retroactively to Almond's sentence on count two [D.E. 134]. On April 26, 2017, the government responded and supported correcting Almond's sentence on count two from 324 months to 300 months, but opposed having a resentencing hearing on counts one and two and opposed applying the Fair Sentencing Act

retroactively to Almond's sentence on count two. See [D.E. 135]. As explained below, the court grants in part Almond's motion and corrects Almond's sentence to 120 months' imprisonment and three years of supervised release on count one and 300 months' imprisonment and five years of supervised release on count two. See id. The court exercises its discretion and declines to hold a resentencing hearing on counts one and two.

In correcting Almond's sentence on count two, the court acknowledges that this court's order of April 5, 2017, failed to account for this court's order of June 28, 2011, which reduced Almond's sentence on count two from 324 months' imprisonment to 300 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(2). See [D.E. 85]. The court also acknowledges that in its order of April 5, 2017, it should have used the phrase correcting Almond's sentence on count one, instead of the phrase "resentences Almond." See United States v. Hadden, 475 F.3d 652, 677–78 (4th Cir. 2007). Thus, the court corrects the judgment and confirms that Almond's correct sentence on count one is 120 months' imprisonment and three years of supervised relief and his correct sentence on count two is 300 months' imprisonment and five years of supervised release. Almond's sentence on count one and count two shall run concurrently.

As for Almond's request for a resentencing hearing on counts one and two, Almond is not entitled to a resentencing hearing on counts one and two. See id. at 667–69; United States v. Hillary, 106 F.3d 1170, 1172 (4th Cir. 1997); see also United States v. Groves, 592 F. App'x 145, 146–48 (4th Cir. 2014) (per curiam) (unpublished). Rather, the court has corrected Almond's sentence on count one and exercises its discretion to not conduct a resentencing hearing on counts one and two. See Hadden, 475 F.3d at 667–69; Hillary, 106 F.3d at 1172. The court is satisfied with the corrected sentences on counts one and two and declines to conduct a resentencing hearing. See Hadden, 475 F.3d at 669; Hillary, 106 F.3d 1171. Moreover, Almond's request for resentencing on count two

2

based on the Fair Sentencing Act lacks merit. The Fair Sentencing Act does not apply retroactively to sentences imposed before its 2010 enhancement. See United States v. Myers, 597 F. App'x 153, 155–56 (4th Cir. 2015) (per curiam) (unpublished); United States v. Black, 737 F.3d 280, 286 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 248 (4th Cir. 2011).

In sum, the court GRANTS Almond's motion for relief from judgment [D.E. 134], CORRECTS Almond's sentence on count one to 120 months' imprisonment and three years of supervised release, and CORRECTS Almond's sentence on count two to 300 months' imprisonment and five years of supervised release, with the sentences to run concurrently. The court DENIES Almond's request for a resentencing hearing on counts one and two. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED. This _15_ day of December 2017.

JAMES C. DEVER III
Chief United States District Judge

3